IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


RACHELLE PIRTLE,                                                                    PLAINTIFF
o/b/o A.P., a minor


v.                                    Case No. 4:07-cv-4018


MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                                     DEFENDANT


**MEMORANDUM OPINION**

        Plaintiff, Rachelle Pirtle, brings this action, on behalf of her minor daughter A.P.,  pursuant

to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social

Security Administration (Commissioner) denying her daughter's claims for a period of disability,

and  supplemental security income (SSI) childhood disability benefits under the provisions of Title

XVI of the Social Security Act (Act), 42 U.S.C. § 1382c(a)(3).  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  (Doc. No. 2).[2]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

_____

        [1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted as the defendant in this suit.

        [2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

## 1. Procedural Background:

Plaintiff protectively filed an application for SSI, on behalf of her daughter, A.P., a minor, on April 27, 2004, alleging an onset date of March 1, 2004. (Tr. 48). The alleged impairment was asthma. (Tr. 59). The Agency denied the application initially and on reconsideration. (Tr. 33-36). Upon Plaintiff's request, an administrative hearing was held before an Administrative Law Judge (ALJ) on March 20, 2006. Plaintiff, represented by attorney Charles Barnette, appeared and testified at the hearing, along with family friend Mary Taylor. (Tr. 183-196). The ALJ issued a decision on August 24, 2006, finding the minor child not disabled. (Tr. 10-20). The Appeals Council denied Plaintiff's request for review on February 9, 2007, thereby making the ALJ's decision the final decision of the Commissioner for judicial review under 42 U.S.C. § 405(g). (Tr. 4-6).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine if a child is disabled and eligible for SSI benefits, the Commissioner will make a three-step sequential evaluation of the child's alleged impairments.  *See* 20 C.F.R. § 416.924.  First, the Commissioner will determine whether the child is engaged in a substantial gainful activity. *See* 20 C.F.R. § 416.924(b).  If the child is not engaging in substantial gainful activity, the evaluation continues to step two where the Commissioner will determine whether the child's alleged impairment causes severe functional limitations.  If the child's impairments, singularly or in combination, cause only minimal limitations, the Commissioner will not consider the impairments severe, and will find the child not disabled.  *See* 20 C.F.R. § 416.924(c).  If the child's impairments are severe, the Commissioner will evaluate them to determine whether they meet, medically equal, or functionally equal in severity a listed impairment.  *See* 20 C.F.R. § 416.924(d).

In order to functionally equal a listed impairment, the child's impairment must result in

3

marked limitations in two domains of functioning, or an extreme limitation in one domain.  *See* 20 C.F.R. § 416.926a(a).   The relevant domains of functioning are: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating With Others; (4) Moving About and Manipulating Objects; (5) Caring For Yourself; and (6) Health and Physical Well-being.  *See* 20 C.F.R. § 416.926a(b)(1).   If the child does not have an impairment or combination of impairments that medically meets or equals a listed impairment, or is functionally equal in severity to a listed impairment, the Commissioner will find the child not disabled.

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her minor child not disabled. Plaintiff argues the ALJ erred by not finding A.P.  had an impairment that was functionally equal in severity to a listed impairment.  Specially, Plaintiff argues the minor child has an extreme limitation in the domain of "Health and Physical Well-being."  The Defendant argues, A.P. did not have an impairment that met, medically equaled, or was functionally equal in severity to a listed impairment. The ALJ found A.P. did not have an impairment or combination of impairments that met a listed impairment, nor did A.P. have an impairment or combination of impairments that medically  or functionally equaled a listed impairment.  (Tr. 13).  I find substantial evidence supports these findings of the ALJ.

**A. Substantial Gainful Activity**

As noted above, the ALJ  must apply a three-step sequential evaluation process in determining the disability of a child.  *See* 20 C.F.R. §§ 416.924.  The ALJ must first decide if the child is engaged in a substantial gainful activity.  *See* 20 C.F.R. § 416.924(b). A.P.  was two years

4

old at the time of the ALJ's decision and the ALJ correctly found that she was not engaged in substantial gainful activity.   (Tr.13).

### B. Severe Impairment

Secondly, the ALJ must  determine if the child's alleged impairment was "severe" within the meaning of the Act.   An impairment is "severe" if it causes more than a minimal degree of limitation in the child's adaptive functioning ability.   *See* 20 C.F.R. § 416.924(c).  The ALJ found A.P. had the severe impairment of asthma. (Tr. 13).  However, the mere presence of an impairment does not establish disability.  *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

### C. Listings

Finally,  if a "severe" impairment or impairments are found, the ALJ must then determine if A.P.'s impairments, singly or in combination, were so severe as to meet, medically equal, or functionally equal the requirements of a Listing.  *See* 20 C.F.R. § 416.924(d).  In order to meet a Listing, the impairment must meet all of the specified criteria for that particular listing.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  An impairment medically equals a Listing if the medical findings are at least equal in severity and duration to the listed findings.  *See* 20 C.F.R. § 416.926.  Medical equivalence must be based on medical findings.  *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. § 416.926(b).  In this matter, the ALJ  evaluated the A.P.'s severe impairment under Listing 103.03, asthma for a child.  (Tr. 13).  The ALJ found A.P.'s impairment did not meet or equal a listed impairment, nor did the impairment functionally equal the requirements of a listing. (Tr. 13).

As described above, in a case involving a minor, a single method is provided for determining

5

a claimed impairment's functional equivalence to a disability listed in the Listing of Impairments based on the six domains of functioning. *See* 20 CFR § 416.926(a)(b)(2).   In this case Plaintiff argues that she has "extreme" limitation in the domain of "Health and Physical Well-being." (Doc No. 5 pg. 3).  Plaintiff further argues the ALJ's findings are not supported by substantial evidence. The ALJ found that Plaintiff's impairments were not of the severity to functionally equal any impairment listed in 20 C.F.R. pt. 404, subpt. P, App.1. (Tr. 13).

The ALJ reviewed all the medical evidence concerning A.P.'s history of asthma and found A.P. did not meet or medically equal Listing 103.03, for asthma for a child. (Tr. 13).  The medical records include treatment from Medical Park Hospital (Tr. 171-177), Nurse Julie Linder (Tr. 117-136, 152-154), and Wadley Regional Medical Center (Tr. 142-147).

The first indication of respiratory problems with A.P. occurred on March 30, 2004, when A.P. was seen by nurse Julie Linder and was treated for coughing and wheezing. (Tr. 123).  A.P. was diagnosed with Bronchiolitis.  (Tr. 13).  A.P. was treated with Albuterol and told to return the following day for a follow-up Albuterol treatment.  (Tr. 124).  A.P. returned the following day for a repeat Albuterol treatment and was doing much better with less coughing.  (Tr. 122).  A.P. was next seen by nurse Linder on April 19, 2004 with complaints of cough,  low grade fever and running nose.  (Tr. 118).  A.P. was given an Albuterol treatment and was told to return to the clinic the following morning.  (Tr. 119).  A.P. was not seen the following day in the clinic, but was treated on April 22, 2004 at the Wadley Regional Medical Center emergency room.  (Tr. 142).  A.P. was complaining of nasal congestion, cough and fever.  A.P. was diagnosed with asthma and a middle ear infection.  (Tr. 146).  A.P. was discharged that day in stable condition.  (Tr. 144).

6

On June 10, 2004, A.P. returned to the clinic and the medical report indicates she was doing well.  (Tr. 117).  Plaintiff indicated she only needed to use Albuterol treatments one time since her previous visit in April.  (Tr. 117).  A.P. was seen again by nurse Linder on August 5, 2004.  (Tr. 153).  Plaintiff indicated A.P.'s asthma symptoms began one week prior and she treated A.P. with Albuterol.  (Tr. 153).  A.P. was given two Albuterol treatments at the clinic and released in satisfactory condition.  (Tr. 154).  On September 14, 2004, A.P. was again seen by nurse Linder.  (Tr. 152).  Plaintiff indicated A.P. had a cough and runny nose.  A.P. was given an Albuterol treatment and was told to continue these treatments at home.  (Tr. 152).

A.P. did not receive further medical treatment until nearly 15 months later on December 10, 2005, when A.P. was seen Medical Park Hospital Emergency Room.  (Tr. 171-177).  A.P. was seen for breathing problem complaints.  (Tr. 171-172).  A.P. was diagnosed with an upper respiratory infection and was discharged home in stable condition.  (Tr. 175).

I find substantial evidence supports the ALJ's finding that A.P.'s asthma did not meet or equal Listing 103.03 and was reasonably controlled with treatment.   Impairments that are controllable or amenable to treatment are not disabling.  *See Hutton v. Apfel*, 175 F.3d at 651, 655 (8th Cir. 1999).  As required for this listing, A.P. did not have asthma attacks requiring physician intervention occurring at least once every two months or at least six times a year, despite prescribed treatment.

Additionally, the ALJ found A.P.'s impairments did not functionally equal the requirements of a listing.  (Tr. 19).  In order to functionally equal a listed impairment, the child's impairment must result in marked limitations in two domains of functioning, or an extreme limitation in one domain.

*See* 20 C.F.R. § 416.926a(a).  A marked limitation seriously interferes with the ability to engage in or complete domain-related activities, while an extreme limitation very seriously interferes with domain related activities.  *See* 20 C.F.R. § 416.926a(e).  The relevant domains of functioning are: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating With Others; (4) Moving About and Manipulating Objects; (5) Caring For Yourself; and (6) Health and Physical Well-being.  *See* 20 C.F.R. § 416.926a(b)(1).

Plaintiff argues that she has "extreme" limitation in the domain of "Health and Physical Well-being."  In the domain of "Health and Physical Well-being," the analysis is based on an assessment of the cumulative effects of any physical and mental impairments, and any associated treatments or therapies on the child's functioning.  *See* 20 C.F.R. § 416.926a(l).  Plaintiff's sole argument is that A.P.'s asthma  supports a finding of an "extreme" limitation in the domain of "Health and Physical Well-being." The stability of the child's condition and how a child functions during periods of exacerbations of symptoms are considered in this domain.  *See* 20 C.F.R. § 416.926a (l)(1-3).

The regulations further state that a child may be considered to have an "extreme" limitation in the domain of Health and Physical Well-Being if the child is frequently ill because of her impairment or has frequent exacerbations of her impairment which result in significant, documented symptoms or signs, substantially in excess of the requirements for showing a "marked" limitation.  *See* 20 C.F.R. § 416.926a (e)(3)(iii).   However, if a child has episodes of illness or exacerbations of her impairment which would be rated as "extreme" under this definition, the regulations state  the impairment should meet or medically equal the requirements of a listing in most cases.  *See* Id.  The regulations require that in order to satisfy the childhood asthma listing, the claimant's attacks must

occur at least once every two months or at least six times a year "in spite of prescribed treatment and requiring physician intervention," or experience "persistent low-grade wheezing between attacks or the absence of extended symptom-free periods. . ." *See* 20 C.F.R. pt. 404, supt. P, app. 1, §§103.03(B),(C).

When considering the period between April 2004, when Plaintiff filed for benefits, and April 2005, the medical record presents evidence of no more than four asthma attacks. An evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks. *See* 20 C.F.R. pt 404, subpt P, app 1, § 103.03(B). To meet Listing 103.03(B), the asthma attacks must have occurred at least once every two months, or at least six times a year (hospitalization of more than twenty-four hours counts as two attacks) *in spite of prescribed treatment*, and have required physician intervention. *See* 20 C.F.R. pt. 404, subpt P, app 1, § 103.03(B). Additionally, there are only two references to A.P. experiencing any wheezing and both of these records are dated in March 2004. (Tr. 122, 123). To meet Listing 103.03(C), the claimant must experience "persistent" low-grade wheezing between acute attacks. *See* 20 C.F.R. pt 404, subpt P, app 1, Listing § 103.03(C). Therefor, the medical evidence fails to demonstrate that A.P.'s asthma meets or equals the childhood asthma listings, which would qualify her asthma to be rated as "extreme" under the regulations. *See* 20 C.F.R. § 416.926a (e)(3)(iii).

The ALJ found A.P. had only a  marked limitation in the domain of "Health and Physical Well-being." I find substantial evidence supports this finding.

## 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After

a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ.   Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **22nd day of January, 2008**

/s/  Barry A. Bryant
HON.   BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE